UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>GRISELDO ORTIZ-MONROY,<br><br>  Defendant. | 3:01-cr-00129-LRH-VPC<br>3:05-cv-00120-DWH-RAM<br>C/A: 05-16911<br><br>3:01-cr-00188-LRH<br><br>ORDER |

Presently before the court is a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (# 166[1]). No opposition has been filed.

Griseldo Ortiz-Monroy ("Ortiz-Monroy") was indicted by the grand jury for numerous drug trafficking offenses and illegal reentry. Ortiz-Monroy pled not guilty and proceeded to trial on April 29, 2002. After jury selection, Ortiz-Monroy pled guilty to the charge of unlawful re-entry in case 3:01-cr-00188-LRH. On April 30, 2002, Ortiz Monroy pled guilty to all the drug offenses in case 3:01-cr-00129-LRH-VPC. On August 9, 2002, this court sentenced Ortiz-Monroy to a concurrent sentence of 300 months imprisonment on the drug trafficking offenses and 240 months imprisonment for the illegal re-entry offense. Ortiz-Monroy's sentence was subsequently affirmed on appeal. The Ninth Circuit's decision affirming Ortiz-Monroy's sentence indicates that Ortiz-

---

[1] Refers to the court's docket number in case 03:01-CR-00129-LRH-VPC. However, this order is also applicable to the Rule 60(b) motion filed in case 3:01-CR-00188-LRH.

Monroy appealed his sentence imposed following conviction in both cases.

On February 28, 2005, Ortiz-Monroy filed motions in both cases pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence. Ortiz-Monroy's Section 2255 motions were ultimately denied as untimely. On May 23, 2005, Ortiz-Monroy appealed this court's decision in case number 3:01-cr-00129-LRH-VPC. On October 31, 2005, Ortiz-Monroy filed motions in both cases pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from judgment. Finally, on September 25, 2006, Ortiz-Monroy wrote a letter to the Clerk of the court requesting information regarding his Rule 60(b) motion in case number 3:01-cr-00188-LRH.

On May 7, 2007, the Ninth Circuit Court of Appeals remanded case number 3:01-CR-00129-LRH-VPC to this court for the limited purpose of granting or denying a certificate of appealability. Rather than ruling on that issue, the court entered an Order on May 31, 2007, indicating that it would be inclined to consider Ortiz-Monroy's Rule 60(b) motion in the event that the Ninth Circuit remanded the case to this court. On December 17, 2007, the Ninth Circuit remanded the case to this court for the limited purpose of considering the Rule 60(b) motion. This court will now undertake that task.

In his Rule 60(b) motion, Ortiz-Monroy argues that his 28 U.S.C. § 2255 motions were timely filed. Specifically, Ortiz-Monroy argues that the Supreme Court of the United States denied his Petition for Writ of Certiorari on March 1, 2004, and that he filed his § 2255 motion on February 28, 2005, within the one-year limitations period.

In deciding the original § 2255 motion, the parties did not inform the court of the fact that Ortiz-Monroy had timely petitioned for certiorari from the Supreme Court or that the petition was denied on March 1, 2004. In light of evidence that Ortiz-Monroy's petition for writ of certiorari was not denied until March 1, 2004, the court finds that reconsideration of its Order concerning Ortiz-Monroy's § 2255 motions is appropriate. Specifically, Ortiz-Monroy's motions were timely filed. *See United States v. Garcia*, 210 F.3d 1058 (9th Cir. 2000). Because Ortiz-Monroy's § 2255

2

1  motions were timely filed, the court must decide the motion on their merits.

2  Section 2255 provides, in part,

3  A prisoner in custody under sentence of a court established by Act of Congress
   claiming the right to be released upon the ground that the sentence was imposed in
4  violation of the Constitution or laws of the United States, or that the court was
   without jurisdiction to impose such sentence, or that the sentence was in excess of
5  the maximum authorized by law, or is otherwise subject to collateral attack, may
   move the court which imposed the sentence to vacate, set aside or correct the
6  sentence.

7  28 U.S.C. § 2255.

8  Ortiz-Monroy's § 2255 motion contains three arguments. First, Ortiz-Monroy argues that

9  the court failed to provide a statement pursuant to 18 U.S.C. § 3553(c)(1) explaining the reasons

10 for imposing the sentence. Second, Ortiz-Monroy argues that the court imposed a term of

11 supervised release above the maximum allowable term. Finally, Ortiz-Monroy argues that his

12 attorney's failure to raise the previous two argument amounts to ineffective assistance of counsel.

13 Ortiz-Monroy also argues that his attorney was ineffective for failing to advise him of appropriate

14 defenses that could have been raised and failed to communicate negotiations for a change of plea.

15 Upon reviewing the procedural posture of this case, it appears that the United States has not

16 filed an appropriate opposition to Ortiz-Monroy's motion. In case 3:01-cr-00188-LRH-ALL, the

17 Government filed a document purporting to be a response (# 30). However, this document does not

18 address any of the arguments raised in Ortiz-Monroy's § 2255 motion. Rather, it appears to the

19 court that the Government mistakenly responded to arguments contained within a motion filed by a

20 different defendant in case 3:01-cr-00129-LRH-VPC. Similarly, the only response (# 157) to Ortiz-

21 Monroy's § 2255 motion in case 3:01-cr-00129-LRH-VPC argues that the § 2255 motion should be

22 denied because it is a second or successive petition. Thus, it appears that the Government has not

23 had an opportunity to response to Ortiz-Monroy's initial § 2255 motion. The court also notes that

24 its records do not contain the second § 2255 motion referred to by both parties.

25 In the interests of justice and because it appears that the Government has not filed an

26

1 opposition to Ortiz-Monroy's § 2255 motions (3:01-cr-00129-LRH-VPC # 154; 3:01-cr-00188-
2 LRH # 29), the court will grant the Government forty-five (45) days from the date of this order to
3 file points and authorities in response to Ortiz-Monroy's § 2255 motions. Ortiz-Monroy shall then
4 have thirty (30) days in which to file reply points and authorities. The court will then reconsider its
5 previous motions and decide the § 2255 motions on the merits.

6     IT IS THEREFORE ORDERED that Ortiz-Monroy's motion for reconsideration pursuant
7 to Rule 60(b) of the Federal Rules of Civil Procedure (# 166) is hereby GRANTED. The United
8 States shall have forty-five (45) days from the date of this order to file points and authorities in
9 response to Ortiz-Monroy's § 2255 motions. Ortiz-Monroy shall then have thirty (30) days in
10 which to file reply points and authorities.

11     IT IS SO ORDERED.
12     DATED this 7th day of January, 2008.

15     _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE